IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 APR 18  A 10: 07

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

CHONG SU YI,

  **Plaintiff,**

v.

CAROLYN V. COLVIN, et al.,

  **Defendants.**

Case No.: GJH-16-706

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff brought this self-represented action on March 10, 2016, together with a Motion to Proceed in Forma Pauperis. Plaintiff's Motion for Leave to Proceed in Forma Pauperis has previously been granted. ECF No. 6. Although docketed as a complaint filed pursuant to 42 U.S.C. § 405 for review of the denial of social security benefits,[1] that is not the focus of Plaintiff's claim. Rather, as noted below, Plaintiff indicates that the improper reduction in his S.S.D.I. benefits rendered him unable to file for patent protection. ECF No. 4.

The Amended Complaint characterizes the facts and arguments in his case as follows:

> Community Vision case worker Blair Moorhead, LCSW-C; at 8210 Dixon Ave. Silver Spring Md 20910, contacted SSA, and made inquiry, why Plaintiff SSI 480.00 and not 733.00 when award letter from SSA does not specify reduction; SSA form Silver Spring office Gonzales reported, 773.00 will be reinstated, as of April 2016.
> Per D. Md. Civil Case No. SAG-15-1453 and TDC-15-1452; Case was brought before United States District court over SDI and SSA was represented by U.S.

---

[1] Plaintiff previously filed for review of the denial of social security benefits. *See* Civil Action No. TDC-15-1453. The Court found that Plaintiff failed to exhaust his administrative remedies and the case was closed on January 8, 2016. ECF Nos. 17 & 20. Plaintiff's dissatisfaction with that result does not permit him to institute a new civil case regarding those issues.

> Attorney; and Court ruled, SSDI is federal issue. District Court ruled SSDI and SSI was Jurisdiction of SSA. Plaintiff file for SSDI and SSI; in November of 2011 ALJ from ODAR made ruling.
> ****
> Deductive Reasoning:
> Plaintiff is seeking damages of unpaid past amount; $13,156.00. Office of Disability Adjudication and Review Administrative Law Judge; respectively; SSI case was ruled November 2011; and March of 2016 has arrived, and from April 2016; Amount would be restored to $733.00; therefore 52 month; from December 2011 to March 2016; 733-480=253 x 52=$13,156.00. Therefore, damage is on or about $13,156.00.
>
> The shortfall produced unintended consequences.
> PJM 16-CV 0756 Md. D.; Exhibit A is adapted to prove Plaintiff is under protection of Article 1 Section 8 Clause 8 of promote clause of Constitution, here in 'promote clause'' The Promote Clause allows Plaintiff to seek and file for patent protection form USPTO; Untied States Patent and Trademark Office; Because deprivation of property without due process of the law; 5th and 14th amendment; Rights of Constitutional ipso facto in the prior ordo cogniscendi has been violated. Value of the said evidence is put at about 10 billion dollars; Due to miscalculation by SSA; Plaintiff could never save enough money to file Patent protection. Therefore, SSA is responsible for potential possible future income of PJM 16 CV 0756 MD. D.; Exhibit A; set at about 50 billion dollars.
> Conclusion
> SSA of its unilateral action damage suffered by plaintiff is set at 60 billion dollars; and punitive damage sought by plaintiff is 100 times; as pro se none college educated;

ECF No. 4 at 2–4.

Plaintiff's allegation of injury is fanciful at best. He seeks $60 billion dollars and punitive damage "100 times." *Id.* at 4.

Pursuant to 28 U.S.C. §1915(e)(2), a court may dismiss a case filed in forma pauperis if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). As noted by Judge Hollander:

> To be sure, this court is required to construe liberally a complaint filed by a self-represented litigant, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167

L. Ed. 2d 1081 (2007), and to examine the complaint using a less stringent standard than for those drafted by attorneys. *Id.*; *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). This court must allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Cruz v. Beto*, 405 U.S. 319, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972), and must assume the complaint allegations to be true. *Erickson*, 551 U.S. at 93.

However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N.D.W. Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although pleadings filed by a self-represented plaintiff are to be liberally construed, the plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

*Harris v. Janssen Healthcare Prods.*, No. ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf. Accordingly, Plaintiff's case is DISMISSED. A separate Order follows.

Date: April 18, 2016

GEORGE J. HAZEL
United States District Judge